PAUL A. AND ELLA M. FAW, Petitioners v. COMMISSIONER, OF INTERNAL REVENUE, Respondent
Faw v. Commissioner
Docket No. 8356-79.
United States Tax Court
T.C. Memo 1981-16; 1981 Tax Ct. Memo LEXIS 729; 41 T.C.M. (CCH) 717; T.C.M. (RIA) 81016; January 19, 1981
Paul A. Faw, pro se. Ronald Campbell, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 181 of the Tax Court Rules of Practice *730 and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income for 1977 in the amount of $ 307.The issues are (1) whether petitioners are entitled to a deduction under section 170 for charitable contributions in excess of the amount allowed by respondent; and (2) whether petitioners are entitled to a deduction for a casualty loss under section 165(c)(3) in excess of the amount allowed. FINDINGS OF FACT Some of the facts were stipulated and they are found accordingly. Petitioners filed a joint Federal income tax return for the year 1977 with the Internal Revenue Service Center in Memphis, Tennessee. Petitioners were residents of Salem, Virginia *731 at the time the petition herein was filed. Petitioners purchased a 1970 Pontiac LeMans in 1970. The automobile was totally destroyed in an accident on September 2, 1977. Petitioners received $ 815 from their insurer in 1977 with respect to their wrecked automobile after exclusion of the $ 150 deductible. During the year 1977 petitioners were members of the Westside Church of Christ (Salem, Virginia) which they attended regularly. Petitioners on occasion used their automobile in connection with church activities. Petitioners claimed a casualty loss deduction in 1977 in the amount of $ 685 (after the $ 100 limitation). Respondent allowed $ 235 (after the $ 100 limitation) and disallowed the balance. Petitioner also claimed a charitable deduction in 1977 in the amount of $ 1,832. Respondent allowed $ 500 and disallowed the balance claimed. OPINION Generally, the measure of a casualty loss under section 165(c)(3) is the lesser of (1) the difference in the fair market value of the damaged property before and after the casualty and (2) the adjusted basis of the property. Section 1.165-7(b)(1), Income Tax Regs.; Millsap v. Commissioner,46 T.C. 751 (1966), *732 affd. 387 F.2d 420 (8th Cir. 1968). Petitioners have the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure.
Respondent determined that the fair market value of petitioners' automobile at the time of the accident was $ 1,150. [3] Petitioner Paul A. Faw testified generally with respect to the condition of his automobile as well as the total mileage ("just a little over 50,000 miles") in September 1977. Petitioner also testified that he obtained a valuation from an unidentified individual (apparently a fellow-employee). We have carefully considered the record and using our best judgment, we conclude that the fair market value of the automobile immediately prior to the accident was $ 1,450. See Cohan v. Commissioner,39 F.2d 540 (2nd Cir. 1930). Petitioner claimed deductions in 1977 for charitable contributions in the following amounts: $ 150 to the City Rescue Mission, $ 200 to Goodwill, $ 200 for the use of his automobile in church work and $ 1,282 for cash contributions to his church. Respondent *733 allowed $ 150 for the City Rescue Mission, $ 200 for Goodwill, $ 50 for mileage expenses in church work and $ 100 for cash contributions to the church. Petitioner has the burden of proof. Petitioner's testimony was credible. He testified that he and his family attended their church regularly and that they left money for the church even on the Sundays when they were on a trip. We have carefully considered petitioner's testimony as well as the letters written on his behalf by a member of his church. We conclude on the basis of the entire record that petitioner is entitled to the full amount ($ 1,282) claimed by him for contributions to his church. However, we are not persuaded that petitioner is entitled to any additional deduction for expenses attributable to his church work. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
3. Respondent based his determination of fair market value on the National Automobile Dealers' Association Official Used Car Guide.↩